IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN CARDWELL, | § | |
| | § | No.  136, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1312007653 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  August 13, 2015
Decided:     October 20, 2015

Before **STRINE**, Chief Justice; **VAUGHN,** and **SEITZ**, Justices.

## **O R D E R**

This 20th day of October 2015, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his defense counsel's motion to withdraw, and the State of Delaware's response, it appears to the Court that:

(1)    On October 28, 2014, the appellant, Steven Cardwell, pled guilty to one count each of Robbery in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Wearing a Disguise During the Commission of a Felony.  At sentencing on February 13, 2015, Cardwell was declared a habitual offender under 11 *Del. C.* § 4214(a) and was sentenced to twenty-five years at Level V for Robbery in the First Degree.  For Possession of a Deadly Weapon During the

Commission of a Felony, Cardwell was sentenced to two years at Level V, and for Wearing a Disguise During the Commission of a Felony, Cardwell was sentenced to five years at Level V suspended for one year of Level III probation. This is Cardwell's direct appeal.

(2) On appeal, Cardwell's defense counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).[1] Defense counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Defense counsel represents that he provided Cardwell with a copy of the motion to withdraw and the accompanying brief and informed Cardwell of his right to identify any points he wished this Court to consider on appeal. Cardwell did not submit any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.[2]

(3) When reviewing a motion to withdraw and an accompanying brief under Supreme Court Rule 26(c), this Court must be satisfied that the appellant's defense counsel has made a conscientious examination of the

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] The Court has disregarded the State's response to the extent it addresses Cardwell's March 13, 2015 letter notifying the Court that he wanted to file an appeal and briefly listing the reasons why. Cardwell's March 13 letter was not submitted in response to the Rule 26(c) submission proposed by his defense counsel in June, 2015. Moreover, it appears that the substance of the letter is raised in greater detail in the form of claims in Cardwell's motion for postconviction relief that was filed on March 13, 2015, and remains pending in the Superior Court.

record and the law for arguable claims.[3]  Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(4)    In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[5] the Court concludes that Cardwell's appeal "is wholly without merit."[6]  The Court is satisfied that Cardwell's defense counsel made a conscientious effort to examine the record and the law and properly determined that Cardwell could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson v. Ohio*, 488 U.S. at 81.
[5] *Id.* at 80.
[6] *See supra* note 1.